UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

RICO J. VENDETTI,

           Defendant.

**DECISION AND ORDER**

10-CR-00360(A)-JJM

This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial proceedings on December 7, 2010. Before me is the government's motion seeking to reopen the detention hearing and revoke defendant's bail [23].[1] For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

By complaint dated October 28, 2010 [1], defendant was charged, *inter alia*, with conspiracy and transporting stolen merchandise in interstate and foreign commerce, in violation of 18 U.S.C. §§2314 and 371. At his initial appearance on November 2, 2010 [2], the government moved for pretrial detention based upon risk of flight and danger to the community. Following a detention hearing on November 8, 2010 [4], I ordered defendant released on certain conditions [5].

On November 24, 2010, defendant was indicted on charges similar to those of the

---

[1] Bracketed references are to CM-ECF docket entries.

complaint [1].[2] At his arraignment on December 10, 2010 [15], the government indicated that it would later move to detain defendant based upon evidence of witness tampering, which was unknown at the time of the original detention hearing. On December 22, 2010 the government filed this motion, seeking to reopen the detention hearing and to detain defendant based upon newly-discovered evidence that defendant had attempted to obstruct justice by soliciting a witness ("JL") to give a sworn false statement tending to exonerate defendant.

In response to the motion, I reopened the detention hearing on February 7, 2011 [44], at which time the government offered the testimony of James C. Larkins II (previously referred to as "JL"). Mr. Larkins testified that in the spring of 2010 defendant offered him $5,000 to obtain a collection of comic books from a home at 106 Main Street in Medina, New York by "whatever means necessary", including burglary. Larkins testified that after visiting the home he decided he was not interested in defendant's proposal.

Larkins further testified that in the fall of 2010, defendant asked him to provide an affidavit to defendant's attorney, Joseph Damelio, falsely stating that defendant had asked Larkins to purchase the comic books rather than steal them. According to Larkins, defendant also mentioned that co-defendant Terry Stewart had prepared a written statement saying that defendant had asked him to steal comic books, and that defendant asked Larkins to persuade Stewart to retract that statement. Larkins stated that he did not follow through on either request by defendant.

However, he did meet with Joeseph Damelio, outside of defendant's presence.

---

[2] For reasons unknown to me, the complaint and the indictment both bear the same docket entry [1]. I will ask the Clerk of the Court to correct this.

Mr. Damelio asked him about his relationship with defendant, and where he could be reached. According to Larkins, Damelio told him that he would not take a statement from him at that time. Defendant did not approach him again about giving a written statement, nor did he push him to contact Stewart.

Although Larkins has a prior felony conviction and is currently facing grand larceny and misdemeanor charges, I find his testimony to be generally credible. Nevertheless, I do not believe that revocation of defendant's release is warranted.

## ANALYSIS

It is well settled that "witness tampering by either means [violent or non-violent] has supported detention or revocation of bail." United States v. LaFontaine, 210 F.3d 125, 132 (2d Cir.2000); United States v. Stein, 2005 WL 3071272, *2 (S.D.N.Y. 2005) ("The Court agrees in principle that nonviolent witness tampering and obstruction poses a danger to the community and that the risk of such activities, in an appropriate case, would support pretrial detention").

However, in order to warrant detention, the government must prove that going forward there is not just a risk, but "a serious risk", of obstruction of justice or witness tampering by threats or intimidation. 18 U.S.C. §3142(f)(2)(B). "The question is not simply whether [defendant's] actions can be considered obstruction, but whether there is a *serious* risk of obstruction in the future. The statute, by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward." United States v. Madoff, 586 F. Supp.2d 240, 250 (S.D.N.Y. 2009)

-3-

(emphasis in original).

Although Larkins' testimony could support a finding that defendant attempted witness tampering in the past, he admitted that neither defendant nor his attorney have made any recent attempts to influence his testimony. Moreover, "[t]here is no question that government agencies will be monitoring the defendant's activities, as well as the well-being of the witnesses. . . . [I]t would be foolish for the defendant to engage in obstructionist activities under the eyes of investigatory agencies". United States v. Dinunzio, 2008 WL 2148754, *8 (D.Mass. 2008).

## CONCLUSION

For these reasons, the government's motion [23] is granted to the extent of reopening the detention hearing, but otherwise denied, without prejudice to renewal in the future, based upon changed circumstances.

SO ORDERED

Dated: February 22, 2011

JEREMIAH J. MCCARTHY
United States Magistrate Judge