UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      v.

RICO VENDETTI,

                      Defendant.

DECISION AND ORDER
10-CR-360A

## INTRODUCTION

The government has appealed a release order issued by Magistrate Judge Jeremiah J. McCarthy on March 31, 2011. The government seeks detention asserting that defendant Rico Venditti poses a danger to the community. Vendetti opposes detention and argues that the conditions of his release are sufficient to ensure the safety of the community.

On May 6, 2011, this Court heard argument on the government's appeal. Following argument, the Court ordered that Vendetti be detained pending issuance of this Decision and Order. For the reasons stated, the motion to revoke Magistrate Judge McCarthy's release order is granted and Vendetti is ordered detained pending trial.

## BACKGROUND

Defendant Vendetti was initially charged by criminal complaint with transportation of stolen goods in interstate commerce in violation of 18 U.S.C. § 2314 and being a member of a racketeering enterprise in violation of 18 U.S.C. § 1962(c) and (d). The

complaint alleged that Vendetti was the leader of a ring of shoplifters and burglars who stole merchandise that Vendetti then sold over the internet via various eBay accounts. The complaint charged that the ring grossed between $42,000 and $60,000 per month.

In addition to the shoplifting ring, the complaint alleged that in June 2010, Vendetti solicited co-defendant Arlene Combs to recruit her boyfriend, co-defendant Terry Stewart, and others, and arrange to burglarize "an old man in Medina" named Homer Marciniak. Marciniak had a comic book collection valued at $40,000 to $100,000.  Combs did so and on July 5, 2010, Stewart and others broke into Mr. Marciniak's home in the middle of the night to obtain the comic book collection.  The intruders found Marciniak at home, tied him up and beat him. They threatened to harm him if he did not reveal the location of the comic books.  Ultimately, the comic books were discovered and taken, along with a substantial amount of cash and three pistols. Marciniak later escaped and was treated at a nearby hospital.  Within 24 hours of the burglary, he died of a heart attack that the government contends was brought on by the stress of the robbery.

When Vendetti was arraigned, the government the moved for detention asserting that he was a danger to the community.  Following a hearing on November 8, 2010, Magistrate Judge McCarthy denied the detention motion and ordered Vendetti released on various conditions articulated in the record, including surrender of his passport, surrender of any firearms, and a prohibition of travel outside the District.  That release order was not appealed.

On November 24, 2010, a two-count indictment was filed against defendant Vendetti and three others: Arlene Combs, Terry Stewart and Dayon Shaver.  Count 1

charged all four defendants with engaging in a conspiracy to transport stolen merchandise in interstate commerce, and Count 2 charged Vendetti, Combs and Stewart with transportation of stolen merchandise in interstate commerce.  The indictment did not include allegations relating to racketeering or the Marciniak robbery.

After indictment, the government moved to reopen the detention proceedings based upon new evidence indicating that Vendetti had attempted to engage in witness tampering.  (*See* Dkt. No. 23).  Magistrate Judge McCarthy held a hearing on that motion on February 7, 2011.  One witness, James Larkins, testified. Larkins stated that in the spring of 2010, Vendetti offered him $5,000 to steal a collection of comic books from a home in Medina "by whatever means necessary" which Larkins interpreted to include burglary.  Larkins considered the offer and visited the home but ultimately decided against it.  Thereafter, in the fall of 2010, Vendetti contacted Larkins and asked him to provide a false affidavit to his (Vendetti's) attorney stating that Vendetti had asked Larkins to *purchase* rather than *steal* the comic books.  This occurred shortly before Vendetti was arrested on the criminal complaint.  Around the same time, Vendetti also told Larkins that Stewart had given a written statement implicating him (Vendetti) in the Marciniak robbery, and Vendetti asked Larkins to persuade Stewart to change his statement.  Larkins did not do so, nor did he ever provide a false affidavit to Vendetti's attorney.

On February 22, 2011, Magistrate Judge McCarthy issued a written decision granting the government's motion to reopen the detention proceedings but denying its request to detain Vendetti.  Magistrate Judge McCarthy found Larkins' testimony credible, but found that detention was unnecessary.  Despite his belief that Venditti may

have attempted to obstruct justice in the past, the Magistrate Judge found that there was no serious risk that Venditti would do so again in the future. *(See* Dkt. No. 48). The government did not appeal that ruling.

On March 30, 2011, a superseding indictment was filed. In addition to the charges in the original indictment, the superseding indictment alleged that Vendetti: had engaged in racketeering and racketeering conspiracy; had committed violent crimes in aid of racketeering (murder and assault); and had engaged in two counts of witness tampering. The racketeering-related counts alleged that Vendetti and others comprised an enterprise whose activities included transporting stolen merchandise in interstate commerce, witness tampering, and engaging in the robbery and murder of Homer Marciniak. Upon arraignment, the government again moved to detain Vendetti. The motion was denied. While noting that circumstances had changed given the new indictment and increased penalties, the Magistrate Judge determined that Vendetti posed no greater danger or flight risk than before the superseding indictment. He noted that Vendetti had been fully compliant with the conditions of his release and ordered those conditions to continue. (See Dkt. 66, at 26-27).

## **DISCUSSION**

Under 18 U.S.C. § 3142(f)(1)(A), the government may move for pretrial detention of a defendant where the case involves a crime of violence. If a defendant is ordered released by a magistrate judge, the government may, under 18 U.S.C. § 3145(a)(1), move for revocation of the release order before the district court. Upon such motion,

the district court must perform a *de novo* review of the magistrate judge's release order. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985) (finding that a district court should "not simply defer to the judgment of the magistrate, but reach its own independent conclusion").  When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence.  *United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1395-96 (3d Cir. 1985).

The government objects to Vendetti's pretrial release on the ground that he poses a danger to the community.  It is the government's burden to show by clear and convincing evidence that the danger posed by the defendant cannot be alleviated by any combination of bail conditions.  *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985).  In determining whether there are conditions of release that will reasonably assure the safety of the community, the Court must consider the factors provided in 18 U.S.C. §3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release

> pending trial, sentencing, appeal, or completion of sentence
> for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Second Circuit has warned that, in applying these factors to any particular case, "the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur,* 817 F.2d 189, 195 (2d Cir.), *cert. denied*, 484 U.S. 840 (1987) (quoting S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189).

The first, second and fourth factors weigh heavily in favor of detention. Vendetti and others are alleged to be part of a large-scale racketeering enterprise that purportedly trafficked millions of dollars of stolen merchandise over a six-year period. As part of that conspiracy, they are alleged to have participated in the robbery and brutal assault of an elderly man. Although Vendetti was not present at the time of the assault, the government proffered that he arranged for the burglary-turned-robbery in the first place. Vendetti purportedly directed co-defendant Arlene Combs to recruit Stewart and others to break into Marciniak's home in the middle of the night to steal his valuable comic book collection. Although Venditti claims he did not believe that the victim would be home, it was certainly foreseeable that an elderly man would be sleeping in his own home in the middle of the night. The government proffered that the intruders cut telephone lines before entering the victim's home, supporting the conclusion that they believed it possible for Marciniak to be home. Shortly after the

6

brutal beating, the victim suffered a heart attack that the government contends was caused by the stress of the robbery and assault. Vendetti's role in organizing and directing this violent crime weighs in favor of detention.

The government's evidence against Vendetti on the racketeering-related charges is also strong. The government proffers that cooperating witnesses will testify about their role in obtaining stolen merchandise for Vendetti, and electronic records confirm that Vendetti sold stolen merchandise through eBay and Craigslist accounts that he created.

The government also has strong evidence supporting its claim that Venditti committed witness tampering. The indictment charges Vendetti with two counts of attempting to corruptly persuade potential witnesses James Larkins and Terry Stewart. Larkins testified at the detention hearing and described Vendetti's attempts to persuade him to provide a false affidavit, and asked Larkins to persuade Stewart to recant a statement implicating Vendetti in the robbery. Magistrate Judge McCarthy found Larkins to be a credible witness, but found that since Vendetti had not made any recent attempts to commit witness tampering, he was unlikely to do so again. The fact that the alleged witness tampering occurred before indictment is relevant, but not dispositive. The Second Circuit has recognized that pre-indictment efforts to persuade witnesses still constitute witness tampering, and are relevant to assessing a defendant's danger to the community and potential future conduct. *See United States v. LaFontaine*, 210 F.3d 125, 132-33 (2d Cir. 2000); *see also United States v. Rowe*, 02 CR. 756 LMM, 2003 WL 21196846 (May 21, 2003)(finding that no condition or combination of conditions for release on bail would reasonably assure safety of community, where,

*inter alia*, government showed that defendant had tampered or attempted to tamper with potential witnesses).

The defendant points to a third factor in support of his release. He notes that he has strong ties to the Rochester area and his criminal history is relatively minor. He was arrested for driving while intoxicated in 2000. He also has had orders of protection issued against him, but they expired several years ago. One of the orders related to his girlfriend and co-defendant, Dayon Shaver, with whom he has a history of physical and verbal abuse. He possess a valid pistol permit for a .38 gun that was reported lost in 2007. The defendant also points out that he has been fully compliant with all of the terms and conditions of release since his initial arrest in November 2010.

Although the defendant's compliance and lack of criminal history weigh in favor of release, those factors are insufficient to overcome the government's clear and convincing evidence that he poses a danger to the community if released. The defendant has been compliant with the terms and conditions of his bail and has not made any post-indictment efforts to commit witness tampering. However, the charges in the superseding indictment raise the stakes against him considerably. The charges against him could not be more serious. If convicted of Count 3 of the indictment (committing a murder in aid of racketeering), Vendetti faces a mandatory sentence of life imprisonment. *See* 18 U.S.C. § 1959(a)(1). If Vendetti was willing to engage in witness tampering before such serious charges were filed, the charges in the superseding indictment provide him with even greater temptation to do it again.

In sum, given the nature and circumstances of the case, the strength of the evidence against the defendant, the defendant's prior attempts to commit witness

8

tampering and the seriousness of the charges in the superseding indictment, the Court finds by clear and convincing evidence that defendant Vendetti poses a danger to the community and there exists no condition or combination of conditions that would reasonably assure the safety of the community if released.

## **CONCLUSION**

For the reasons stated, the motion for revocation of Magistrate Judge McCarthy's release order is granted and defendant Vendetti is ordered detained pending trial.

The Court further orders that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that defendant be afforded reasonable opportunity for private consultation with counsel.

Finally, the Court directs that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of appearance in connection with any court proceeding.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 26, 2011