# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York
_____

|  |  |
|---|---|
| | **OCTOBER 2013 GRAND JURY** <br> (Impaneled 10/25/13) |
| **THE UNITED STATES OF AMERICA** | **THIRD SUPERSEDING** <br> **INDICTMENT** |
| *-vs-* | **10-CR-360-A** |
| **RICO J. VENDETTI** <br> (Counts 1-13, 16-18), | **Violations:** <br> Title 18, United States Code, <br> Sections 1962(c), 1962(d), 1959(a)(1), <br> 1959(a)(3), 371, 2314, 1512(b) and 2. <br> (18 Counts and Forfeiture Allegations) |
| **ARLENE COMBS a/k/a AJ** <br> (Counts 1-15), | |
| **TERRY STEWART** <br> (Counts 1, 2, 5-13), | |
| **ALBERT PARSONS** <br> (Counts 3, 4), | |
| **DONALD R. GRIFFIN a/k/a Pooh** <br> (Counts 3, 4), | |
| **DAYON SHAVER** and <br> (Count 5) | |
| **BRANDON MEADE** <br> (Count 5). | |

## INTRODUCTION TO COUNTS 1-4

### The Grand Jury Charges That:

At all times material to Counts 1-4:

A. **THE ENTERPRISE:** The defendants, RICO J. VENDETTI, ARLENE COMBS a/k/a AJ, TERRY STEWART, and others, both known and unknown, constituted an enterprise, as that term is defined in both Sections 1961(4) and 1959(b)(2) of Title 18 of the United States Code; namely a group of individuals associated in fact. This

enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the goals of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

B.   **PURPOSES OF THE ENTERPRISE:**   The purposes of the enterprise included obtaining merchandise, both through a ring of organized shoplifters, and by robbery and, thereafter, selling that merchandise at a substantial profit in interstate and foreign commerce using internet sites, including eBay, Craigslist and PayPal.

C.   **THE ENTERPRISE'S MEANS AND METHODS:**   The defendants and other members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise by:

1.   Working in organized rings which shoplifted merchandise from retail stores including, but not limited to, Wal-Mart, Sears, Target, JoAnn Fabric, Home Depot, Tops Markets, Wegmans, various chain drugstores and other retail stores, often stealing specific merchandise that was targeted by, or appeared on lists, the defendant, RICO J. VENDETTI, provided to members of these rings and which merchandise defendant VENDETTI would thereafter purchase from these thieves at a fraction of each item's retail price.

2.   Obtaining additional merchandise through home invasion robberies; and

3.   Thereafter, selling the merchandise obtained both from the aforesaid thefts and home invasion robberies in interstate and foreign commerce by listing that merchandise for sale on such web sites as eBay and Craigslist and then selling it to customers who contacted VENDETTI via his eBay and Craigslist accounts, often using the services of PayPal.

4.     The enterprise's members and associates additionally engaged in witness tampering to attempt to insulate themselves from prosecution.


### COUNT 1
### (Racketeering)

**The Grand Jury Further Charges That:**

A-C.   Paragraphs A-C, inclusive, of the Introduction to Counts 1-4 are incorporated herein by reference and re-alleged as if more fully set forth herein.

D.     **THE RACKETEERING VIOLATION:**  From sometime in 2004, the exact date being unknown, and continuing thereafter until in or about March 2011, in the Western District of New York, and elsewhere, the defendants, RICO J. VENDETTI, ARLENE COMBS, TERRY STEWART, and others, both known and unknown to the grand jury, being persons employed by and associated with the enterprise, which enterprise was engaged in and the activities of which affected interstate and foreign commerce, did unlawfully and knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as defined in Title 18, United States Code Sections 1961(1) and 1961(5), consisting of the following acts:


### Racketeering Acts 1 -- 8
### Interstate Transportation of Stolen Property

1.     Beginning sometime in and around February 2009, the exact date being unknown, and continuing until on or about January 15, 2011, in the Western District of New York, and elsewhere, the defendants, RICO J. VENDETTI, ARLENE COMBS and TERRY STEWART, aided and abetted by each other and by others, both known and

unknown, unlawfully and knowingly transported, transmitted and transferred goods, wares and merchandise, the aggregate value of which exceeded $5,000, in interstate and foreign commerce knowing the same to have been stolen.

2. During the aforesaid period, the defendant, RICO J. VENDETTI, together with defendants ARLENE COMBS and TERRY STEWART, recruited individuals to shoplift substantial amounts of merchandise from retail stores including, but not limited to, Wal-Mart, Sears, Target, JoAnn Fabric, Home Depot, Tops Markets, Wegmans, various chain drug stores and other retail stores, located in Monroe and Genesee Counties and elsewhere.

3. Thereafter, often using lists supplied by the defendant, RICO J. VENDETTI, defendants ARLENE COMBS and TERRY STEWART together with others, both known and unknown, who were recruited by the defendants stole merchandise from the above-named retail stores and other retail stores. Thereafter, such stolen merchandise was provided to defendant VENDETTI at a fraction of each item's true retail price.

4. After the defendant, RICO J. VENDETTI, purchased stolen merchandise from defendants ARLENE COMBS and TERRY STEWART, and from others recruited by the defendants to steal merchandise, defendant VENDETTI, and others whose identities are known to the grand jury, offered said merchandise for sale through eBay accounts named "neatstuff6070", "dnr6974", "toys-n-thingz", "cousins7430", "laxmom2006", "allmine4once", "sellitallbee" and "selleverything55."

5. After items of stolen merchandise were purchased by customers through the eBay accounts listed in paragraph 4, those items of merchandise were packaged for shipping by defendant, RICO J. VENDETTI and others whose identities are known to the grand jury

and then shipped via the United States Postal Service and other package delivery services to other states or countries where they were to be delivered to the customers.

6.    The merchandise stolen in the manner described above, sold using the above-listed eBay accounts, and then shipped in interstate and foreign commerce consisted of the merchandise listed in Racketeering Acts 1 through 8 .

| Racketeering Act | Dates (from on or about to on or about) | Items and Approximate Number | eBay Accounts Used | Aggregate of Approximate Retail Value | Aggregate of Approximate Sale Prices |
|---|---|---|---|---|---|
| 1 | 02/04/10 to 11/02/10 | 98 Medela Breast Pumps | cousins7430 dnr6974 laxmom2006 neatstuff6070 | $32,869.02 | $19,923.95 |
| 2 | 06/18/09 to 12/01/10 | 943 boxes of Crest Whitestrips | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 toyznthingz sellitallbee | $33,166.52 | $14,948.75 |
| 3 | 06/24/09 to 12/09/10 | 2,389 Cross Stitch and Needle Point Kits | allmine4once dnr6974 laxmom2006 neatstuff6070 | $62,699.81 | $26,282.81 |
| 4 | 06/19/09 to 11/24/10 | 1,916 Electric Toothbrushes and Toothbrush Replacement Heads | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 sellitallbee toyznthingz | $57,384.43 | $26,389.44 |
| 5 | 02/12/09 to 11/02/10 | 1,389 Memory Sticks and Flash Drives | cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $48,288.60 | $28,885.88 |

| Racketeering Act | Dates (from on or about to on or about) | Items and Approximate Number | eBay Accounts Used | Aggregate of Approximate Retail Value | Aggregate of Approximate Sale Prices |
|---|---|---|---|---|---|
| 6 | 06/18/09 to 12/27/10 | 2,319 Pet Supplements/ DNA Tests | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $124,067.07 | $55,356.04 |
| 7 | 02/19/09 to 01/11/11 | 7,409 Razors, Blades and Replacement Shaving Heads | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $182,809.82 | $86,200.74 |
| 8 | 06/18/09 to 12/09/10 | 2618 Tool Sets, Dyson Vacuum Cleaners, Bushnell Binoculars, Batteries, Faucets and Kitchenaid Mixers | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $129,897. 98 | $59,467.74 |

Each Racketeering Act being in violation of Title 18, United States Code, Sections 2314 and 2.

<u>**Ninth Racketeering Act**</u>
<u>**Robbery and Murder of Homer Marciniak**</u>

The defendants, RICO J. VENDETTI, ARLENE COMBS and TERRY STEWART, committed the following acts of racketeering, any one of which alone constitutes the commission of the Ninth Racketeering Act:

**A.      Violation of Section 160.10 of the New York Penal Law**

On or about and prior to July 5, 2010, in and around Monroe and Orleans Counties, in the Western District of New York, the defendants, RICO J. VENDETTI and ARLENE COMBS, solicited, requested, commanded, importuned and intentionally aided others, both

known and unknown, to forcibly steal property from Homer Marciniak, and in the course of the commission of said crime, those who actually committed the robbery caused physical injury to Homer Marciniak and displayed what appeared to be a pistol, revolver, rifle, shotgun, or other firearm, in violation of Sections 160.10(1), 160.10(2)(a) and (b), and 20.00 of the New York Penal Law.

**B.     Violation of Sections 160.10 and 105.10 of the New York Penal Law**

1.     Commencing on an unknown date prior to July 5, 2010, and continuing until on or about July 5, 2010, in and around Monroe and Orleans Counties, in the Western District of New York, the defendants, RICO J. VENDETTI, ARLENE COMBS and TERRY STEWART, combined, conspired, confederated and agreed together, with each other and with others, both known and unknown, to commit a violation of New York Penal Law, Section 160.10(1), by agreeing to forcibly steal property from Homer Marciniak.

2.     In furtherance of said conspiracy and in order to affect its purpose and object, the defendants and others who were members of the conspiracy committed the following overt acts as a part of and in furtherance of the conspiracy:

a.     On at least two occasions, both of which were sometime prior to the conversation or conversations alleged in overt act "c.," the exact dates being unknown, the defendant, RICO J. VENDETTI, solicited individuals known to the grand jury to burglarize the Medina, New York home of Homer Marciniak to steal a valuable collection of comic books defendant VENDETTI said would be found in the home, and one of the individuals known to the grand jury thereafter went to Medina where he "cased" Marciniak's home.

b.     On or about the day on which the individual known to the grand jury "cased" Homer Marciniak's home as described in overt act "a," defendant, RICO J. VENDETTI

had a conversation with that individual during which the individual told VENDETTI Marciniak was extremely old and that Marciniak's advanced age made the burglary risky.

c.        Sometime in May or June of 2010, the defendant, RICO J. VENDETTI, solicited defendant ARLENE COMBS to solicit additional accomplices to burglarize the Medina, New York home of Homer Marciniak and to steal the valuable collection of comic books defendant VENDETTI told defendant COMBS would be found in the home.

d.        Sometime after the conversation or conversations referred to in the preceding overt act, the defendants, ARLENE COMBS and TERRY STEWART, traveled from Rochester, New York to Medina, New York to "case" Marciniak's home but failed to locate the home.

e.        Sometime after the unsuccessful attempt to "case" Marciniak's home as referred to in the preceding overt act, the defendant, ARLENE COMBS, reported that lack of success to the defendant, RICO J. VENDETTI, at which time defendant VENDETTI showed defendant COMBS a picture of Marciniak's home on a computer web site.

f.        On or about July 5, 2010, the defendant, ARLENE COMBS, and five other co-conspirators whose identities are known, traveled from Rochester to Medina, at which time three of the co-conspirators entered Marciniak's home to steal, among other things, Marciniak's comic book collection.

g.        On or about July 5, 2010, the co-conspirators who entered Marciniak's home struck Marciniak, causing injuries that required, among other things, Marciniak to be taken to a hospital emergency room where facial lacerations he had sustained during the robbery were treated.

h.     On or about July 5, 2010, after Marciniak was struck as described in the preceding overt act, one of the co-conspirators who entered Marciniak's home tied him up and, after tying Marciniak up, held a gun on him and demanded to know where Marciniak's comic book collection was.

i.     On or about July 5, 2010, the co-conspirators who entered Marciniak's home took numerous comic books, several safes, firearms and other valuables from the home and fled the scene, after which they met up with the defendant, ARLENE COMBS, and the two other conspirators who had stayed with defendant COMBS, and then the six co-conspirators (including defendant COMBS) who had traveled to Medina traveled back to Rochester, New York.

j.     Later, on or about July 5, 2010, the defendant, ARLENE COMBS, summoned defendant TERRY STEWART to an apartment on North Clinton Avenue in Rochester, New York for the purpose of breaking open the safes taken from Marciniak's Medina, New York home, and defendant COMBS told defendant STEWART to bring tools with him.  Defendant STEWART, thereafter, came to this address where he broke all of the safes open.

k.     After the safes were opened as described in the preceding overt act, the defendant, ARLENE COMBS, divided the contents of the safes, which included currency, coins, U.S. Savings Bonds, antique belt buckles and other valuables, among defendant STEWART, the other five co-conspirators who had traveled to Medina, New York, the person who had loaned a car to defendant COMBS, and herself.

l.     Following the actions described in the two preceding overt acts, the defendants, ARLENE COMBS and TERRY STEWART, and another of the co-

conspirators went to defendant RICO J. VENDETTI's Rochester, New York apartment where they gave defendant VENDETTI multiple boxes containing the comic books that had been taken from Marciniak's home.

All in violation of New York Penal Law, Section 105.10 as it relates to New York Penal Law, Section 160.10.

C. **Violation of Section 125.25(3) of the New York Penal Law**

On or about July 5, 2010, in Orleans County, in the Western District of New York, the defendants, RICO J. VENDETTI and ARLENE COMBS, and others known to the grand jury, each being intentionally aided by the others, during the course of, and in furtherance of, the July 5, 2010 burglary of the Medina, New York home of Homer Marciniak and the robbery of Marciniak, caused the death of Homer Marciniak, all in violation of New York Penal Law, Sections 125.25(3) and 20.00.

**Tenth Racketeering Act**
**Witness Tampering**

The defendant, ARLENE COMBS, committed the following acts of racketeering, either one of which alone constitutes the commission of the Tenth Racketeering Act:

a.     For Racketeering Act 10(a), the allegations against defendant ARLENE COMBS, which are set forth fully in Count 14 of this Third Superseding Indictment, are incorporated herein by reference and re-alleged as if specifically set forth herein.

b.     For Racketeering Act 10(b), the allegations against defendant ARLENE COMBS, which are set forth fully in Count 15 of this Third Superseding Indictment, are incorporated herein by reference and re-alleged as if specifically set forth herein.

## Eleventh Racketeering Act
## Witness Tampering

The defendant, RICO J. VENDETTI, committed the following acts of racketeering, any one of which alone constitutes the commission of the Eleventh Racketeering Act:

a. For Racketeering Act 11(a), the allegations against defendant RICO J. VENDETTI, which are set forth fully in Count 16 of this Third Superseding Indictment, are incorporated herein by reference and re-alleged as if specifically set forth herein.

b. For Racketeering Act 11(b), the allegations against defendant RICO J. VENDETTI, which are set forth fully in Count 17 of this Third Superseding Indictment, are incorporated herein by reference and re-alleged as if specifically set forth herein.

c. For Racketeering Act 11(c), the allegations against defendant RICO J. VENDETTI, which are set forth fully in Count 18 of this Third Superseding Indictment, are incorporated herein by reference and re-alleged as if specifically set forth herein.

**All in violation of Title 18, United States Code, Sections 1962(c), 1963 and 2.**

## COUNT 2
**(Racketeering Conspiracy)**

**The Grand Jury Further Charges That:**

A-C. Paragraphs A-C, inclusive, of the Introduction to Counts 1-4 are incorporated herein by reference and re-alleged as if more fully set forth herein.

D. From sometime in 2004, the exact date being unknown, and continuing thereafter until in or about March 2011, in the Western District of New York, and elsewhere, the defendants, RICO J. VENDETTI, ARLENE COMBS, TERRY STEWART, and others, both known and unknown to the grand jury, being persons employed by and associated with the enterprise, which enterprise was engaged in, and the activities of which

affected, interstate and foreign commerce, did unlawfully and knowingly, combine, conspire, confederate and agree together, with each other, and with others, to violate Title 18, United States Code, Section 1962(c), namely, to unlawfully conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of Racketeering Acts 1-4 inclusive of Count 1, the factual allegations of which are incorporated herein by reference and re-alleged.

E.      It was part of the conspiracy that, during the aforesaid period, the defendants, RICO J. VENDETTI, ARLENE COMBS, TERRY STEWART and others, both known and unknown, agreed that a conspirator would commit at least two of the acts of racketeering in the conduct of the affairs of the enterprise.

**All in violation of Title 18, United States Code, Sections 1962(d) and 1963.**

### COUNT 3
**(Violent Crime in Aid of Racketeering:
the Murder of Homer Marciniak)**

**The Grand Jury Further Charges That:**

A-C.   Paragraphs A-C, inclusive, of the Introduction to Counts 1-4 are incorporated into Count 3 by reference and re-alleged as if more fully set forth in Count 3.

D.      At all times material to Count 3, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Sections 1959(b)(1) and 1961(1) of Title 18 of the United States Code, namely, acts indictable under Sections 2314 and 1512, respectively, of Title 18 of the United States Code, the interstate transportation of stolen property and witness tampering, and acts involving robbery and murder chargeable under the New York Penal Law.

12

E.     On or about July 5, 2010, in the Western District of New York, the defendants, RICO J. VENDETTI, ARLENE COMBS, ALBERT PARSONS and DONALD GRIFFIN a/k/a Pooh, acting with others whose identities are known to the grand jury, in consideration for a promise and agreement to pay something of pecuniary value, namely money and other proceeds from the home invasion robbery of Homer Marciniak, from the above-described enterprise, murdered Homer Marciniak in violation of Sections 125.25(3) and 20 of the New York Penal Law.

**All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.**

**COUNT 4**
**(Violent Crime in Aid of Racketeering:**
**the Assault of Homer Marciniak)**

**The Grand Jury Further Charges That:**

A-C.   Paragraphs A-C, inclusive, of the Introduction to Counts 1-4 are incorporated into Count 4 by reference and re-alleged as if more fully set forth in Count 4.

D.     At all times material to Count 4, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Sections 1959(b)(1) and 1961(1) of Title 18 of the United States Code, namely acts indictable under Sections 2314 and 1512, respectively, of Title 18 of the United States Code, the interstate transportation of stolen property and witness tampering, and acts involving robbery and murder chargeable under the New York Penal Law.

E.     On or about July 5, 2010, in the Western District of New York, the defendants, RICO J. VENDETTI, ARLENE COMBS, ALBERT PARSONS and DONALD GRIFFIN a/k/a Pooh, together with others whose identities are known to the grand jury, in consideration for a promise and agreement to pay something of pecuniary

value, namely money and other proceeds from the home invasion robbery of Homer Marciniak, from the above-described enterprise, unlawfully and knowingly assaulted Homer Marciniak with a dangerous weapon, in violation of Sections 120.14(1) and 20 of the New York Penal Law.

**All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.**

<u>**COUNT 5**</u>
**(Conspiracy to Transport Stolen Merchandise
in Interstate and Foreign Commerce)**

**The Grand Jury Further Charges That:**

1.      Beginning sometime in and around 2006, the exact date being unknown, and continuing until on or about January 11, 2011, in the Western District of New York, and elsewhere, the defendants, RICO J. VENDETTI, ARLENE COMBS, TERRY STEWART, DAYON SHAVER and BRANDON MEADE, unlawfully, willfully and knowingly combined, conspired, confederated and agreed together and with others, both known and unknown, to commit the following offense, that is, to transport, transmit and transfer goods, wares and merchandise, the aggregate value of which exceeded $5,000, in interstate and foreign commerce knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2314.

2.      During the aforesaid period, defendant RICO J. VENDETTI, together with defendants ARLENE COMBS and TERRY STEWART, recruited individuals to shoplift substantial amounts of merchandise from retail stores including, but not limited to, Wal-Mart, Sears, Target, JoAnn Fabric, Home Depot, Tops Markets, Wegmans, various chain drug stores and other retail stores, located in Monroe and Genesee Counties and elsewhere.

3.      Thereafter, often using the lists supplied by defendant RICO J. VENDETTI, defendants ARLENE COMBS and TERRY STEWART, together with others, both known and unknown, who were recruited by defendants VENDETTI, COMBS and STEWART, stole merchandise from the above-named retail stores and other retail stores which, in turn, was provided to defendants RICO J. VENDETTI and BRANDON MEADE, at a fraction of each item's retail price.

4.      After defendants RICO J. VENDETTI and BRANDON MEADE purchased the stolen merchandise from defendants ARLENE COMBS and TERRY STEWART, and the other thieves, defendants RICO J. VENDETTI, BRANDON MEADE and DAYON SHAVER took steps to offer the merchandise for sale using multiple accounts they maintained at eBay including "neatstuff6070", "dnr6974", "toys-n-thingz", "cousins7430", "laxmom2006", "allmine4once", "sellitallbee" and "selleverything55," and, using this method, sold that stolen merchandise, the aggregate value of which exceeded $5,000, to customers in other states and in other countries and thus in interstate and foreign commerce.

5.      In furtherance of said conspiracy and in order to effect its purpose and object, the defendants and others committed the following overt acts, among others:

a.      During the course of the conspiracy, the defendant, RICO J. VENDETTI, set up and obtained the use of eBay accounts, including "neatstuff6070", "dnr6974", "toys-n-thingz", "cousins7430", "laxmom2006", "allmine4once", "sellitallbee" and "selleverything55."

b.      On numerous occasions during the course of the conspiracy, the defendant, RICO J. VENDETTI, authored lists of items he could readily sell through his eBay

accounts and provided those lists to defendants ARLENE COMBS and TERRY STEWART, and to other shoplifters, both known and unknown.

c. After receiving the lists of items from the defendant, RICO J. VENDETTI, the shoplifters, including defendants ARLENE COMBS and TERRY STEWART, shoplifted merchandise from retail stores in Monroe and Genesee Counties and elsewhere, including items on the lists defendant VENDETTI prepared, and in this fashion, stole merchandise with an aggregate retail value that far exceeded $5,000.

d. After shoplifting merchandise as outlined in the preceding overt act, the thieves, including defendants ARLENE COMBS and TERRY STEWART, sold the stolen merchandise to defendant RICO J. VENDETTI, either personally or through defendant BRANDON MEADE, in most cases knowing that defendant VENDETTI would sell said merchandise for a profit over the internet.

e. After receiving the stolen merchandise from the shoplifters, including defendants ARLENE COMBS and TERRY STEWART, as outlined in the preceding overt act, and paying them for it, defendants RICO J. VENDETTI and DAYON SHAVER offered and sold said merchandise through the eight eBay accounts listed above and other eBay accounts which resulted in sales to customers throughout the United States and in other countries.

f.      After items of stolen merchandise that defendants RICO J. VENDETTI and DAYON SHAVER offered for sale on eBay in fact sold, defendant SHAVER and others whose identities are known to the grand jury packaged the merchandise for shipping and shipped said merchandise via the United States Postal Service and other package delivery services to customers throughout the United States and the World.

**All in violation of Title 18, United States Code, Section 371.**

**COUNTS 6-13**
**(Transportation of Stolen Merchandise**
**in Interstate and Foreign Commerce)**

**The Grand Jury Further Charges That:**

a.      On or about and between the dates set forth in the individual counts set out below, in the Western District of New York, and elsewhere, the defendants, RICO J. VENDETTI, ARLENE COMBS and TERRY STEWART, aided and abetted by each other and by others known and unknown, unlawfully and knowingly transported, transmitted and transferred goods, wares and merchandise, the aggregate value of which exceeded $5,000, in interstate and foreign commerce knowing the same to have been stolen.

b.      Beginning in or about 2006, the exact date being unknown, and continuing to on or about January 11, 2011, the defendant RICO J. VENDETTI, together with defendants ARLENE COMBS and TERRY STEWART, recruited individuals to shoplift substantial amounts of merchandise from retail stores including, but not limited to, Wal-Mart, Sears, Target, JoAnn Fabric, Home Depot, Tops Markets, Wegmans, various chain drug stores and other retail stores located in Monroe and Genesee Counties and elsewhere.

c.      Thereafter, often using  lists supplied by defendant RICO J. VENDETTI, defendants ARLENE COMBS and TERRY STEWART, together with others, both known

and unknown, who were recruited by the defendants, stole merchandise, which, in turn, was provided to defendant VENDETTI at a fraction of each item's retail price.

d. After the defendant, RICO J. VENDETTI, purchased the stolen merchandise from defendants ARLENE COMBS and TERRY STEWART and from others recruited by the defendants to steal merchandise, defendant VENDETTI and others whose identities are known, offered and sold said merchandise through eBay accounts named "neatstuff6070", "dnr6974", "toys-n-thingz", "cousins7430", "laxmom2006", "allmine4once", "sellitallbee" and "selleverything55."

E. After items of stolen merchandise were purchased by the customers through the eBay accounts listed in the preceding paragraph, those items of merchandise were packaged for shipping by defendant RICO J. VENDETTI and others whose identities are known to the grand jury, and shipped in interstate and foreign commerce throughout the United States and the world.

F. The merchandise stolen in the manner described above and then sold using the above-listed eBay accounts, and then shipped in interstate and foreign commerce consisted of the merchandise listed in Counts 6 through 13, as follows:

| Count | Dates (from on or about to on or about) | Items and Approximate Number | eBay Accounts Used | Aggregate of Approximate Retail Value | Aggregate of Approximate Sale Prices |
|---|---|---|---|---|---|
| 6 | 02/04/10 to 11/02/10 | 98 Medela Breast Pumps | cousins7430 dnr6974 laxmom2006 neatstuff6070 | $32,869.02 | $19,923.95 |

| Count | Dates (from on or about to on or about) | Items and Approximate Number | eBay Accounts Used | Aggregate of Approximate Retail Value | Aggregate of Approximate Sale Prices |
|---|---|---|---|---|---|
| 7 | 06/18/09 to 12/01/10 | 943 boxes of Crest Whitestrips | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 toyznthingz sellitallbee | $33,166.52 | $14,948.75 |
| 8 | 06/24/09 to 12/09/10 | 2,389 Cross Stitch and Needle Point Kits | allmine4once dnr6974 laxmom2006 neatstuff6070 | $62,699.81 | $26,282.81 |
| 9 | 06/19/09 to 11/24/10 | 1,916 Electric Toothbrushes and Toothbrush Replacement Heads | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 sellitallbee toyznthingz | $57,384.43 | $26,389.44 |
| 10 | 02/12/09 to 11/02/10 | 1,389 Memory Sticks and Flash Drives | cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $48,288.60 | $28,885.88 |
| 11 | 06/18/09 to 12/27/10 | 2,319 Pet Supplements/ DNA Tests | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $124,067.07 | $55,356.04 |
| 12 | 02/19/09 to 01/11/11 | 7,409 Razors, Blades and Replacement Shaving Heads | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $182,809.82 | $86,200.74 |

| Count | Dates (from on or about to on or about) | Items and Approximate Number | eBay Accounts Used | Aggregate of Approximate Retail Value | Aggregate of Approximate Sale Prices |
|---|---|---|---|---|---|
| 13 | 06/18/09 to 12/09/10 | 2618 Tool Sets, Dyson Vacuum Cleaners, Bushnell Binoculars, Batteries, Faucets and Kitchenaid Mixers | allmine4once cousins7430 dnr6974 laxmom2006 neatstuff6070 selleverything55 sellitallbee toyznthingz | $129,897. 98 | $59,467.74 |

**All in violation of Title 18, United States Code, Sections 2314 and 2.**

**COUNT 14**
**(Witness Tampering)**

**The Grand Jury Further Charges That:**

On or about February 28, 2011, in Albion New York, in the Western District of New York, the defendant, ARLENE COMBS, unlawfully, willfully and knowingly attempted to corruptly persuade and engaged in misleading conduct toward "J.J", an individual known to the grand jury, with intent to:  (a) influence and prevent "J.J.'s" testimony in an official proceeding; and (b) hinder, delay and prevent the communication to Agents of the Federal Bureau of Investigation, the same being law enforcement officers of the United States, of information relating to the commission and possible commission of a federal offense, namely, an investigation by a federal grand jury and by the Federal Bureau of Investigation into the facts and circumstances of defendant COMBS' and others' involvement in the home invasion robbery and murder of Homer Marciniak.

THAT IS TO SAY, on or about February 28, 2011, the defendant, ARLENE COMBS, told "J.J.", in sum and substance, to keep his mouth shut and not to say anything.

**All in violation of Title 18, United States Code, Sections 1512(b)(1) and 1512(b)(3).**

## COUNT 15
### (Witness Tampering)

**The Grand Jury Further Charges That:**

On or about March 2, 2011, in Albion New York, in the Western District of New York, the defendant, ARLENE COMBS, unlawfully, willfully and knowingly attempted to corruptly persuade and engaged in misleading conduct toward "J.J.", an individual known to the Grand Jury, with intent to: (a) influence and prevent "J.J.'s" testimony in an official proceeding; and (b) hinder, delay and prevent the communication to Agents of the Federal Bureau of Investigation, the same being law enforcement officers of the United States, of information relating to the commission and possible commission of a federal offense, namely, an investigation by a federal grand jury and by the Federal Bureau of Investigation into the facts and circumstances of defendant COMBS' and others' involvement in the home invasion robbery and murder of Homer Marciniak.

THAT IS TO SAY, on or about March 2, 2011, defendant ARLENE COMBS sent "J.J." a letter in which she told "J.J.", among other things, "don't talk to the feds."

**All in violation of Title 18, United States Code, Sections 1512(b)(1) and 1512(b)(3).**

## COUNT 16
### (Witness Tampering)

**The Grand Jury Further Charges That:**

Sometime on or about and after July 5, 2010, the exact date being unknown, in the Western District of New York, the defendant, RICO J. VENDETTI, unlawfully, willfully and knowingly attempted to corruptly persuade, corruptly persuaded and engaged in misleading conduct toward James Larkins with intent to: (a) influence and prevent James

Larkins' testimony in an official proceeding; and (b) hinder, delay and prevent the communication to Agents of the Federal Bureau of Investigation, the same being law enforcement officers of the United States, of information relating to the commission and possible commission of a federal offense, namely, an investigation by a federal grand jury and by the Federal Bureau of Investigation into the facts and circumstances of defendant VENDETTI's involvement in the home invasion robbery and murder of Homer Marciniak.

**All in violation of Title 18, United States Code, Sections 1512(b)(1) and 1512(b)(3).**

## COUNT 17
**(Witness Tampering)**

**The Grand Jury Further Charges That:**

Sometime on or about or after July 5, 2010, the exact date being unknown, in the Western District of New York, the defendant, RICO J. VENDETTI, unlawfully, willfully and knowingly attempted to corruptly persuade and engaged in misleading conduct toward Terry Stewart with intent to: (a) influence and prevent Stewart's testimony in an official proceeding; and (b) hinder, delay and prevent the communication to Agents of the Federal Bureau of Investigation, the same being law enforcement officers of the United States, of information relating to the commission and possible commission of a federal offense, namely, an investigation a federal grand jury and by the Federal Bureau of Investigation into the facts and circumstances both of defendant VENDETTI's involvement in the home invasion robbery and murder of Homer Marciniak and defendant VENDETTI's involvement in the sale of stolen property in interstate and foreign commerce.

**All in violation of Title 18, United States Code, Sections 1512(b)(1) and 1512(b)(3).**

## COUNT 18
### (Witness Tampering)

**The Grand Jury Further Charges That:**

Sometime shortly after October 15, 2010, the exact date being unknown, in the Western District of New York, the defendant, RICO J. VENDETTI, unlawfully, willfully and knowingly attempted to corruptly persuade and engaged in misleading conduct toward B.M., an individual known to the grand jury, with intent to: hinder, delay and prevent the communication to Agents of the Federal Bureau of Investigation, the same being law enforcement officers of the United States, of information relating to the commission and possible commission of a federal offense, namely, an investigation by the Federal Bureau of Investigation into the facts and circumstances both of defendant VENDETTI's involvement in the home invasion robbery and murder of Homer Marciniak and defendant VENDETTI's involvement in the sale of stolen property in interstate and foreign commerce.

**All in violation of Title 18, United States Code, Section 1512(b)(3).**

### FORFEITURE ALLEGATIONS

### First Forfeiture Allegation

**The Grand Jury Alleges:**

The allegations contained in Counts 1,2, and 5 through 13 of this indictment are hereby repeated, re-alleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

Pursuant to Rule 32.2(a), Fed. R. Crim. P., the defendant, RICO VENDETTI is hereby notified that, upon conviction of the violation of Title 18, United States Code, Section 1962, as charged in Counts 1 and 2 of this Indictment, the defendant shall forfeit,

pursuant to Title 18, United States Code, Section 1963, namely, any property constituting or derived from any proceeds obtained directly or indirectly though a  in violation of Title 18, United States Code, Section 1962; including, but not limited to the sum of $5,000,000.00 (five million dollars) United States currency, to be evidenced by an entry of a money judgment, joint and severally between the convicted defendants.

**All pursuant to Title 18, United States Code, Sections 1963(a)(3).**


**Second Forfeiture Allegation**

**The Grand Jury Further Alleges:**

The allegations contained in Counts 1 and 2 of this indictment are hereby repeated, re-alleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c).

Pursuant to Rule 32.2(a), Fed. R. Crim. P., the defendant, RICO VENDETTI, is hereby notified that, upon conviction of the violation of Title 18, United States Code, Section 1962, as charged in Counts 1 and 2 of this Indictment, the defendant shall forfeit, pursuant to Title 18, United States Code, Section 1963:

a)	all interests acquired and maintained in violation of Title 18, United States Code, Section 1962;

b)	all interests in, securities of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 1963(a)(1), and (a)(2) includes, but is not limited to, the following assets:

**Real Property:**

a.     The premises and property located at 300 Seneca Road, Rochester, New York, as described in the Book of Deeds, Liber 10934, page 227, in the Monroe County Clerk's Office; and

b.     The premises and property located at 117 Stonehenge Road, Rochester, New York, as described in the Book of Deeds, Liber 09285, page 0665, in the Monroe County Clerk's Office.

**All pursuant to Title 18, United States Code, Sections 1963(a)(1) and (a)(2).**

## SUBSTITUTE ASSETS

Pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), the defendant, RICO VENDETTI, shall forfeit substitute property up to the value of the property described in the previous paragraph if that property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty, to include, but not limited to:

Currency

At least $5,000,000.00 said amount being the total of the interests acquired and the gross proceeds obtained through the violations of Title 18, United States Code, Section 1962;

Personal Property:

The personal property of defendant RICO VENDETTI, seized from the defendant on October 15, 2010, consisting of, to include, but not limited to, comic books seized from 1152-1156 Goodman Street, Rochester, New York, on or about October 15, 2010;

Real Property:

a.      The premises and property located at 1700 Clifford Avenue, Rochester, New York, as described in the Book of Deeds, Liber 10552, page 0341, in the Monroe County Clerk's Office;

b.      The premises and property located at 1152-1156 Goodman Street, Rochester, New York, as described in the Book of Deeds, Liber 10967, page 289, in the Monroe County Clerk's Office; and

c.      The premises and property located at 1160-1164 North Goodman Street, Rochester, New York, as described in the Book of Mortgages, Liber 7129, page 76, in the Monroe County Clerk's Office;

All in accordance with Title 18, United States Code, Section 1963; Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.

DATED:  Buffalo, New York, November  12 , 2013.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:     S/ANTHONY M. BRUCE
        ANTHONY M. BRUCE
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York  14202
        716/843-5886
        Anthony.M.Bruce@usdoj.gov


A TRUE BILL:


S/FOREPERSON
FOREPERSON