**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

        v.                                                          10-CR-360-A
                                                          **DECISION AND ORDER**

RICO VENDETTI,

        Defendant.

_____

On April 20, 2016, the Court sentenced the Defendant to an aggregate sentence of 240 months' imprisonment and three years' supervised release following his plea of guilty to racketeering, in violation of 18 U.S.C. § 1962(c). The Defendant did not appeal his conviction or sentence, nor did he file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The Defendant has, however, filed a *pro se* motion for a free transcript of his sentencing. *See* Docket No. 637. For the reasons stated below, the Defendant's motion is denied without prejudice.

## DISCUSSION

The relief the Defendant seeks is authorized by 28 U.S.C. § 753(f).[1] In relevant part, § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

---

[1] The Defendant cites 28 U.S.C. § 2250 in support of his motion. Section 2250 provides that a court may order that an indigent petitioner be given free "copies of . . . documents or parts of the record on file." Secion 753(f), however, governs transcript requests and, thus, the Defendant's motion. In any event, both § 2250 and § 753(f) require that a petitioner file a petition for a writ of habeas corpus before a court may order that the petitioner be given free copies of filings in his docket.

As noted, the Defendant has yet to file a § 2255 petition challenging his conviction or sentence. Instead, he states that he needs his sentencing transcript because he is "preparing a motion to vacate, set aside, or correct sentence." Docket No. 637 at 1.

The Defendant's request is premature. The Second Circuit has made clear that both "the plain language and necessary operation" of § 753(f) require that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). This is so for two reasons. First, § 753(f) refers to "proceedings *brought* under section 2255." (emphasis added). That, of course, has not yet happened in this case; the entire purpose of the Defendant's motion is to aid him in *bringing* a § 2255 proceeding. And second, § 753(f) requires a judge's certification "that the transcript is needed to decide the issue presented by the suit or appeal." That, too, cannot happen until the Defendant files a § 2255 petition. Without such a filing, the Court has no way to evaluate "the issue presented" by the Defendant's petition. *See Horvath*, 157 F.3d at 132. Section 753(f) thus clearly prevents the Defendant from obtaining a free transcript until he files a § 2255 petition.[2]

The Court notes that, even without a transcript, the Defendant is not foreclosed from filing his § 2255 petition. A § 2255 petition "need only set forth the movant's claims of error generally." *Id.* (citing Rule 2(b) of the Rules Governing Section 2255 Proceedings). As the Second Circuit has observed, "[p]resumably, a

---

[2] Section 753(f) also provides that, to qualify for a free transcript, the Defendant must be proceeding *in forma pauperis*. The Defendant, however, has not yet filed an application to proceed *in forma pauperis*. A copy of such form will be mailed to the Defendant, together with a copy of this Decision and Order.

movant who can plead facts sufficient to obtain certification under § 753(f) will be able to satisfy the non-onerous pleading standards for a § 2255 motion." *Id.* at 133. *See also id.* (noting that the Second Circuit's interpretation of § 753(f) "dovetails with the standard for summary dismissal because 'the motion and the files of the case' will not 'conclusively' defeat a § 2255 motion if a transcript is needed to decide a non-frivolous issue presented by the motion") (quoting 28 U.S.C. § 2255(b)).

## CONCLUSION

For the reasons stated above, the Defendant's motion for a free transcript of his sentencing is **DENIED** without prejudice;

Further, it is hereby **ORDERED** that the Clerk of the Court shall mail a copy of this Decision and Order, together with an application to proceed *in forma pauperis*, to the Defendant.

**SO ORDERED.**

Dated: January 31, 2017             ___*s/Richard J. Arcara*_____
    Buffalo, New York               HONORABLE RICHARD J. ARCARA
                                    UNITED STATES DISTRICT JUDGE