**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

   v.              10-CR-360-A
                    **DECISION AND ORDER**
RICO VENDETTI,

   Defendant.
_____

On January 31, 2017, the Court denied without prejudice the Defendant's motion for a free transcript of his sentencing because the Defendant had not yet filed a petition pursuant to 28 U.S.C. § 2255. *See generally United States v. Horvath*, 157 F.3d 131 (2d Cir. 1998). The Defendant has since filed several motions. The Court addresses each motion in turn.

**1. Motion to proceed *in forma pauperis***

First, the Defendant moves to proceed *in forma pauperis*. Docket No. 642. Upon review of the Defendant's financial affirmation, the Court finds that the Defendant is indigent and grants the motion.

**2. Motion for free transcripts**

Second, the Defendant has filed a "motion to be provided transcripts pursuant to 28 U.S.C. § 2250." Docket No. 641. This motion argues that the Defendant's request for a free transcript of his sentencing is not premature (as the Court held in its January 31, 2017 Order) because, the Defendant argues, he "is currently composing a Motion for Recusal pursuant to Title 28 U.S.C. § 144 and Title 28 § 455 and these records are absolutely necessary for both Defendant's Motion for Recusal and his Title 28 U.S.C. § 2255 appeal." Docket No. 641 at 1. (Before the Court ruled on the

1

Defendant's motion for a free transcript, the Defendant filed his motion for recusal, which the Court addresses below.)

The Defendant's motion for a free transcript of his sentencing is again denied without prejudice. It is settled that § 753(f) gives the Court authority to provide a defendant with free transcripts only *after* the defendant files a petition pursuant to 28 U.S.C. § 2255. *See Horvath*, 157 F.3d at 132.

In response to this, the Defendant argues that he requires a sentencing transcript "as soon as possible" so that he may file a timely § 2255 petition. The Second Circuit, however, expressly rejected this argument in *United States v. Horvath*. *See Horvath*, 157 F.3d at 133 ("Presumably, a movant who can plead facts sufficient to obtain certification under § 753(f) will be able to satisfy the non-onerous pleading standards for a § 2255 motion.") The Defendant's renewed motion illustrates the point made by the Second Circuit in *Horvath*: in support of his motion, the Defendant points to statements made by the Court at sentencing that, the Defendant argues, "exhibited significant bias and prejudice towards the Defendant and that [were] a contributing factor to the exhorbitant [sic] sentence that was imposed." Docket No. 641 at 2. But if these comments are the basis for the Defendant's anticipated § 2255 petition, there is no apparent reason why the Defendant requires a sentencing transcript to prepare his petition—the Defendant already knows what the comments are. Indeed, he quotes them in his motion. The Defendant does not need exact quotations to prepare a § 2255 petition.

In the alternative, the Defendant argues that he is entitled to free transcripts pursuant to 28 U.S.C. § 2250. Section 2250 provides that, "[i]f on any application *for*

*a writ of habeas corpus* an order has been made permitting the *petitioner* to prosecute the application in forma pauperis," the Court may order the Clerk of the Court to "furnish to the petitioner without cost certified copies of such documents or parts of the record on file . . . as may be required." 28 U.S.C. § 2250 (emphasis added). The Second Circuit has not interpreted § 2250, but the statute's language compels the same result as a request brought under § 753(f): until the Defendant files a petition for a writ of habeas corpus, he is not entitled to free transcripts, no matter the purpose for which he intends to use the transcripts. *See Tyler v. Cartledge*, 584 F. App'x 77, 78 (4th Cir. 2014) ("Provision of . . . copies [of documents in the record] is a matter of discretion with the district court *before which the habeas petition is pending.*") (emphasis added); *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."). The Petitioner's renewed motion for a free copy of his sentencing transcript is therefore denied.

### 3. Motion for an extension of time to file a § 2255 petition

Next, the Defendant suggests that without a free copy of his sentencing transcript, he will require "an extension of time within which to file the § 2255." To the extent this statement can be construed as a motion for an extension of time to file a § 2255 petition, the Court lacks subject matter jurisdiction to grant such a request. *See United States v. Green*, 260 F.3d 78, 82-83 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255

motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period.") (quotation marks omitted); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) ("If or when [defendant] actually files a § 2255 petition, the District Court and [the Second Circuit] may consider his argument that such a petition should be considered timely.  Until then, we lack jurisdiction to consider the matter.")

### 4. Motion for recusal

Finally, the Defendant moves to recuse the undersigned.  The grounds for the Defendant's motion are that (1) the Court revoked Magistrate Judge McCarthy's release orders; and (2) that the Court "made his bias obvious [at sentencing] when he stated that [the Defendant] was a Darth Vader" and that, had the Defendant gone to trial and been found guilty, the Court "would have given [the Defendant] life."  Docket No. 643 at 3.

"It is well settled that 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Jones*, 294 F. App'x 624, 627 (2d Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  It should be obvious that the Court's statements at sentencing were not based on "deep-seated favoritism or antagonism."  The Court's comments were based, instead, on the Court's view of the Defendant's history and characteristics, as well as the Defendant's involvement in this case.  In other words, the Court's comments were based on what the Court learned about the Defendant and this case after having presided over the case for an

extended period of time.  *Cf. Liteky v*, 510 U.S. at 550-51 ("The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person.  But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes . . . necessary to the completion of the judge's task.")  For similar reasons, the Court's decision to revoke Magistrate Judge McCarthy's release orders did not spring from or evidence partiality.  It was, instead, a decision made upon impartial and *de novo* review of the evidence.

The Defendant's recusal motion is therefore denied.

## CONCLUSION

It is **ORDERED** that the Defendant's motion to proceed *in forma pauperis* is granted;

It is **FURTHER ORDERED** that the Defendant's renewed motion for a free transcript of his sentencing is denied without prejudice;

It is **FURTHER ORDERED** that, to the extent the Defendant's renewed motion for a free sentencing transcript can be construed as a motion for an extension of time to file a petition pursuant to 28 U.S.C. § 2255, that motion is denied for lack of subject matter jurisdiction; and

It is **FURTHER ORDERED** that the Defendant's motion for recusal is denied.

**SO ORDERED.**

Dated: March 8, 2017                    ___s/Richard J. Arcara_____
      Buffalo, New York                    HONORABLE RICHARD J. ARCARA
                                             UNITED STATES DISTRICT JUDGE