**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

RICO VENDETTI,

                Petitioner,

                v.                              10-CR-360-A
                                                                  **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                Respondent.
_____

        Petitioner Rico Vendetti seeks leave to amend his pending motion to vacate, which he filed pursuant to 28 U.S.C. § 2255. Petitioner seeks to add to two of his grounds for relief the allegation that "[c]ounsel withheld esculpatory [sic] medical evidence." *See* Docket No. 677 at 8, 11. On September 7, 2017, the Court ordered Petitioner to show cause why his proposed amendment should not be denied as untimely, given that it was filed after 28 U.S.C. § 2255's state of limitations expired. Petitioner has filed a response. *See* Docket No. 685.

        The issue before the Court is whether Petitioner's proposed amendment "relates back" to his timely § 2255 motion. Fed. R. Civ. P. 15(c)(2). "[A]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In other words, a proposed amendment must arise "from the same core facts alleged in the original petition, not those related generally to petitioner's trial, conviction, or sentence." *Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010).

The Second Circuit has suggested that a proposed amendment does not "relate[] back" simply because it seeks relief on the same ground as the original petition—for example, a proposed amendment that seeks to add additional ineffective assistance of counsel claims does not "relate[] back" merely because the original petition also contained an ineffective assistance of counsel claim. *See id*. *See also Ozsusamlar v. United States*, Nos. 10-CV-6655(KMW)(HBP), 02-CR-763(KMW), 2013 WL 4623648, at *4 (S.D.N.Y. Aug. 29, 2013) ("Proposed amendments must satisfy the *Mayle* standard even where both the original claims and the new claims are for ineffective assistance of counsel.")[1] Put differently, to "relate[] back," "the original and amended petitions" must "state claims that are tied to a common core of operative facts." *Mayle*, 545 U.S. at 664.

Reading Petitioner's proposed amendment in the generous light to which *pro se* pleadings are entitled, Petitioner has shown that his proposed amendment "relates back" to two grounds for relief raised in his original § 2255 motion. The first ground for relief in Petitioner's original § 2255 motion—ineffective assistance of counsel—alleges that his attorney was constitutionally ineffective because he allegedly failed to file motions and "multiple appeals"; because he allegedly failed to "properly advise [Petitioner] as to plea nor its impact"; because he allegedly failed to investigate the underlying facts of the case; and because he allegedly coerced or manipulated Petitioner into pleading guilty. *See* Docket No. 677 at 8. Although it is hard to generalize the "operative facts," *Mayle*, 545 U.S. at 664, of Petitioner's first claim, the claim alleges both that his attorney was negligent and—importantly here—that he coerced Petitioner into pleading guilty. A claim

---

[1] Several courts of appeals have adopted this approach. *See, e.g.*, *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009); *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006); *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005).

that Petitioner's attorney withheld exculpatory evidence in order to help make Petitioner plead guilty arises from the same core of operative facts as the first claim in Petitioner's original § 2255 motion: Both claims concern Petitioner's discussions with his attorney about whether to plead guilty, and both concern the manner in which Petitioner's counsel allegedly persuaded Petitioner to plead guilty.

Petitioner has likewise shown that his proposed amendment relates back to the facts alleged in his fourth ground for relief, i.e., that he did not enter into his plea, as Petitioner puts it, "knowingly and willfully." Docket No. 677 at 11. Petitioner's claims about the voluntariness of his plea are of the same type as those concerning the effectiveness of his counsel. A claim that Petitioner's attorney withheld exculpatory evidence in order to to convince Petitioner to plead guilty arises from the same operative facts as the allegations in Petitioner's original § 2255 motion.

Petitioner's motion to amend (Docket No. 672) is therefore granted. Petitioner's proposed amended § 2255 motion (Docket No. 677) is deemed the operative pleading and supersedes Petitioner's original § 2255 motion. *See* L. Civ. R. 15(a). Further, the Government's motion to compel (Docket No. 678) is granted. On or before December 1, 2017, Petitioner's former counsel, Matthew Lembke, Esq., shall respond to the allegations set forth in Grounds 1 and 4 of Petitioner's amended § 2255 motion. *See* Docket No. 670. The Government's answer and memorandum of law shall be filed on or before December 22, 2017. Petitioner shall have 20 days upon receipt of the Government's answer to file a response and memorandum of law.

**SO ORDERED.**

Dated: November 3, 2017                             _s/Richard J. Arcara_  
    Buffalo, New York                        HONORABLE RICHARD J. ARCARA  
                                                   UNITED STATES DISTRICT JUDGE