UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
    10-CR-360-A

RICO VENDETTI,

                Defendant.

Pending before the Court is Defendant Rico Vendetti's *pro se* renewed motion for compassionate release. (Dkt. No. 748). By orders dated February 2, 2021 (Dkt. No. 734) and May 3, 2021 (Dkt. No. 744), this Court denied Defendant's original *pro se* motion for compassionate release (Dkt. Nos. 719, 731) as well as his subsequent *pro se* motion seeking reconsideration of this Court's denial that motion. (Dkt. Nos. 735, 737, 738, 743).

In responding to Defendant's renewed motion (Dkt. No. 748), the government, *inter alia*, filed a motion seeking to seal its response to such motion on the ground various records submitted in opposition contained medical information and personal identifying information. (Dkt. No. 758).

For the reasons which follow, Defendant's motion (Dkt. No. 748) is **DENIED**, while the Government's motion to seal (Dkt. No. 758) is **GRANTED**.

## I.     Background

Following Defendant's plea of guilty to violation of 18 U.S.C. §§ 1962(c) and 1963(a)(1) (racketeering), this Court, on April 20, 2016, sentenced the Defendant to a term of imprisonment of 240 months to be followed by a term of 3 years of supervised release. (Dkt. No. 591).  According to Federal Bureau of Prison's ("BOP's") website, Defendant is housed at the Federal Correctional Institution in Joint Base McGuire-Dix- Lakehurst, New Jersey (hereinafter referred to as "FCI Fort Dix") and is scheduled to be released on June 18, 2027.  *See*, Federal Bureau of Prisons, "Find an inmate," *available at:* https://www.bop.gov/inmateloc/ (last accessed 1/24/2024).

On June 2, 2022, Defendant applied to the Bureau of Prisons ("BOP") for compassionate release, based upon an "asthma and COPD condition that is ongoing." (Dkt. No.761, p. 25).  On December 19, 2022, the BOP denied the request, finding that there was "[n]o evidence [his] current medical conditions substantially diminish[ed] [his] ability to function in a correctional facility." (Dkt. No. 761, p. 25).

On September 8, 2020, Defendant filed with this Court a *pro se* motion for compassionate release. (Dkt. Nos. 719, 731).  On February 2, 2021, this Court denied Defendant's that motion, stating, *inter alia*:

> [I]t cannot conclude that the § 3553(a) factors weigh in favor of compassionate release. In addition, while Defendant highlights his remorse, ... he contradicts himself in the same filing by stating that "there was no criminal enterprise, conspiracy, or organization ... [t]o the

2

extent that there was any element of organization or 'enterprise' in the execution of this crime, [Defendant] was no leader". Aside from belying Defendant's claims of remorse, these statements directly counter the factual basis of his plea and the offense conduct as described in the revised presentence investigation report.

*   *   *

Last, the § 3553(a) factors do not weigh in favor of release, and Defendant presents a danger to others and the community. Defendant was sentenced on April 20, 2016, to 240 months of incarceration, to be followed by 3 years of supervised release, along with $703,183.25 in joint and several restitution, after pleading guilty to violating 18 U.S.C. §§ 1962(c) and 1963(a)(1). Defendant was the leader of an organization that shoplifted and/or robbed over $700,000 in merchandise (using retail values) from various entities, selling the stolen merchandise for profit. Defendant was also involved in planning a home-invasion style burglary by co-defendants of an elderly man who had health issues. The victim owned a valuable collection of comic books, which was the target of the burglary. During the burglary, the co-defendants beat the victim, and then bound him and threatened him with a bb gun. The victim suffered heart failure and died less than 24 hours after the burglary. After Defendant's arrest for his role in both the criminal enterprise and the death of the elderly victim, he attempted to provide false information to law enforcement about his involvement in the crime and in essence told a co-conspirator that if he was questioned by the police about Defendant, the co-conspirator was to "keep his mouth shut".

> While Defendant does not have any prior criminal history, resulting in a U.S.S.G. Criminal History Category I at the time of sentencing, the enterprise that was led by Defendant operated for close to six years. The instant offense conduct was egregious, resulting in the loss of a significant amount of merchandise as well as the death of the elderly victim. Although Defendant has been incarcerated since May 6, 2011, including pretrial detention, he still has a significant portion of his sentence left to serve, with a projected release date of May 8, 2028.[1] To release Defendant now would create an unwanted disparity among co-defendants, not to mention "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct". 18 U.S.C. § 3553(a)(6). Early release is not justified.

(Dkt. No. 734 [text order, dated 2/2/2021])(citations omitted).

---

[1] As noted above, since this Court's 2021 decision, it appears that BOP has moved Defendant's projected release date up—almost a year—to June 18, 2027.

On February 25, 2021, Defendant filed a motion for reconsideration of the Court's denial of his compassionate release motion (Dkt. No. 735), and on March 15, 2021, Defendant filed an amended motion for reconsideration together with a motion to expand the record. (Doc. Nos. 737 and 738). On May 3, 2021, this Court denied those motions for reconsideration. (Dkt. No. 744 [text order, dated 5/3/2021]).

On February 27, 2023, Defendant *pro se* filed the instant motion—styled as a renewed motion for reconsideration of the motion for compassionate release (Dkt. No. 748)—along with additional documents relating to Defendant's ongoing health concerns. (Dkt. Nos. 752-755; 767-776).

II.    **Analysis**

As expressed by this Court, in February of 2021, at the time it denied Defendant's original motion for compassionate release, the applicable § 3553(a) sentencing factors compel the conclusion that Defendant is not entitled to compassionate release. (Dkt. No. 734 [text order, dated 2/2/2021]).

The Second Circuit has made clear, "when a district court denies a defendant's motion for compassionate release under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might in other circumstances justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (alterations omitted); *see also*, See, *United States v. Van Der End*, No. 21-2079-CR, 2023 WL 193633, at *1 (2d Cir. Jan. 17, 2023)(same); *United States v. Cargo*, No. 21-395-CR, 2022 WL 244083, at *2 (2d Cir. Jan. 27, 2022) (in affirming

district court's denial of defendant's motion for compassionate release, the Second Circuit noted that "the district court's conclusion that the section 3553(a) factors weigh against Cargo's release falls well within its broad discretion."); *United States v. Ruiz*, No. 10074S411JFB, 2022 WL 493389, at *4 (E.D.N.Y. Feb. 16, 2022) (denying motion for compassionate release in case in which, "the Court assume[d], *arguendo*, that the defendant…demonstrated extraordinary and compelling reasons for compassionate release based upon [his physical and mental health] and [nevertheless] conclude[d], in its discretion, that the Section 3553(a) factors weigh overwhelmingly against the defendant's release.").

Here, even assuming *arguendo* that Defendant's ongoing health concerns constitute "extraordinary and compelling" reasons supporting his request for compassionate release, this Court, in its discretion, determines that based upon its consideration of the §3553(a) sentencing factors as previously expressed, *see*, Dkt. No. 734 [text order, dated 2/2/2021], Defendant is not entitled to compassionate release.

### III.   CONCLUSION

For the foregoing reasons, Defendant's renewed motion for reconsideration of his motion for compassionate release (Dkt. No. 748) is **DENIED**, and the Government's motion to seal is **GRANTED.**

**IT IS SO ORDERED.**

                                                                     *s/Richard J. Arcara*
                                                                     HONORABLE RICHARD J. ARCARA
                                                                     UNITED STATES DISTRICT COURT

Dated:  January 30, 2024
          Buffalo, New York